**COLLINS & KHAN LLP**
MARC A. COLLINS (SBN 136769)
AZIM KHANMOHAMED (SBN 277717)
R. MICHAEL COLLUM (SBN 145105)
3435 Wilshire Blvd., Ste. 2600
Los Angeles, CA 90010-2246
Telephone:   323.549.0700
Facsimile:   323.549.0707

**Attorneys for Defendant**
RESEDA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH KONG, an individual, | Case No.  2:18-cv-07984-SJO (AGRx) |
| Plaintiff, | Hon. S. James Otero |
| v. | **DEFENDANT RESEDA, LLC.'S ANSWER TO COMPLAINT** |
| RESEDA, LLC., Limited Liability Company; and DOES 1-10, inclusive, | |
| Defendants. | |

Defendant RESEDA, LLC. ("Defendant"), for itself alone, and in answer to the complaint of Plaintiff NEHEMIAH KONG ("Plaintiff"), admits, denies, and alleges as follows:

1.     In answer to the allegations of paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations.

2.     In answer to the allegations in a paragraph 2 of the Complaint, Defendant admits that it owned the subject property located at 7550 Tampa Ave., Reseda, CA in September 2018 ("Subject Property").

COLLINS & KHAN
LLP

3.      In answer to the allegations in a paragraph 3 of the Complaint, Defendant admits that it currently owns the subject property located at 7550 Tampa Ave., Reseda, CA ("Subject Property").

4.      In answer to the allegations of paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

5.      In answer to the allegations of paragraph 5 of the Complaint, Defendant admits that Plaintiff has properly alleged jurisdiction.

6.      In answer to the allegations of paragraph 6 of the Complaint, Defendant admits that Plaintiff has properly alleged supplemental jurisdiction.

7.      In answer to the allegations of paragraph 7 of the Complaint, Defendant admits that Plaintiff has properly alleged venue.

8.      In answer to the allegations of paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

9.      In answer to the allegations of paragraph 9 of the Complaint, Defendant admits that the business is a place of public accommodation.

10.     In answer to the allegations of paragraph 10 of the Complaint, Defendant admits that parking spaces are one of the facilities, privileges, and advantages offered to patrons.

11.     In answer to the allegations of paragraph 11 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

12.     In answer to the allegations of paragraph 12 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

13.     In answer to the allegations of paragraph 13 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

COLLINS & KHAN
LLP

14.     In answer to the allegations of paragraph 14 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

15.     In answer to the allegations of paragraph 15 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

16.     In answer to the allegations of paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

17.     In answer to the allegations of paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

18.     In answer to the allegations of paragraph 18 of the Complaint, Defendant admits that paths of travel are another one of the facilities, privileges, and advantages offered to patrons.

19.     In answer to the allegations of paragraph 19 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

20.     In answer to the allegations of paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

21.     In answer to the allegations of paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

22.     In answer to the allegations of paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

COLLINS & KHAN
LLP

23.     In answer to the allegations of paragraph 23 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

24.     In answer to the allegations of paragraph 24 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

25.     In answer to the allegations of paragraph 25 of the Complaint, Defendants states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

26.     In answer to the allegations of paragraph 26 of the Complaint, Defendants states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

27.     In answer to the allegations of paragraph 27 of the Complaint, Defendants states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

28.     In answer to the allegations of paragraph 28 of the Complaint, Defendants states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

29.     In answer to the allegations of paragraph 29 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

## **FIRST CAUSE OF ACTION**

### **Violation of the Americans with Disabilities Act of 1990 (42 USC § 12181 *et seq.*)**

30.     In answer to the allegations of paragraph 30 of the Complaint, Defendant incorporates by reference, as if fully set forth herein, its answer to each and every allegation contained in paragraphs 1-29, inclusive, of the Complaint.

31.     In answer to the allegations of paragraph 31 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

32.     In answer to the allegations of paragraph 32 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

33.     In answer to the allegations of paragraph 33 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

34.     In answer to the allegations of paragraph 34 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

35.     In answer to the allegations of paragraph 35 of the Complaint, Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

36.     In answer to the allegations of paragraph 36 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

37.     In answer to the allegations of paragraph 37 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

38.     In answer to the allegations of paragraph 38 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

39.     In answer to the allegations of paragraph 39 of the Complaint, Defendants states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

COLLINS & KHAN
LLP

40.     In answer to the allegations of paragraph 40 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

41.     In answer to the allegations of paragraph 41 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

42.     In answer to the allegations of paragraph 42 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendant denies such allegations.

## SECOND CAUSE OF ACTION:

### Violation of the UNRUH Civil Rights Act, California Civil Code § 51 *et seq.*

43.     In answer to the allegations of paragraph 43 of the Complaint, Defendant incorporates by reference, as if fully set forth herein, its answer to each and every allegation contained in paragraphs 1-42, inclusive, of the Complaint. In answer to the remaining allegations of paragraph 43 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

44.     In answer to the allegations of paragraph 44 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

45.     In answer to the allegations of paragraph 45 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

46.     In answer to the allegations of paragraph 46 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

COLLINS & KHAN
LLP

DEFENDANT RESEDA, LLC'S ANSWER TO THE COMPLAINT

**AFFIRMATIVE DEFENSES**

Without admitting any of the facts alleged in the Complaint, Defendant further alleges the following separate and independent affirmative defenses, without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof or persuasion as to any one or more of said defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.     The Complaint filed herein and each purported cause of action alleged therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Standing)**

2.     Plaintiff lacks standing to pursue any and all of his alleged claims, whether on his own behalf or on behalf of others.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.     Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Duty to Mitigate)**

4.     If Plaintiff suffered economic injury as a result of Defendant's actions, although such is not admitted herein, Plaintiff had a duty to mitigate such damages and failed to do so.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

5.     If Plaintiff is entitled to recover damages arising from his claims, although no such liability or damages are admitted herein, such damages shall be reduced in proportion to the amount of culpability attributable to Plaintiff which directly and proximately contributed to Plaintiff's alleged loss or damages.

COLLINS & KHAN
LLP

DEFENDANT RESEDA, LLC'S ANSWER TO THE COMPLAINT

### SIXTH AFFIRMATIVE DEFENSE

#### (Third Party Liability)

6.    Third party individuals and entities willfully, or by want of ordinary care, proximately caused or contributed to the damages sustained, if any, by Plaintiff.  Accordingly, any damages to which Plaintiff might be entitled should be apportioned by the amount of fault attributable to such third parties.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Indemnity)

7.    In the event that Plaintiff should be awarded judgment against Defendant in any manner or amount, Defendant is entitled to indemnity for such amounts from those parties, including those presently unknown or unidentified, who are primarily responsible for such damages.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Lack of Authority or Ratification)

8.    To the extent that any breach, act, omission, representation, or course of conduct of persons or entities other than Defendant caused or contributed to the damages sustained, if any, by Plaintiff, said persons or entities were acting without the consent, authorization, knowledge, and/or ratification of Defendant.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Plead Exemplary Damages)

9.    Plaintiff's causes of action, and each of them, fail to state facts sufficient to allow recovery of exemplary damages or punitive damages.

### TENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

10.    Plaintiff's conduct and actions in connection with the matters alleged in his Complaint deprives him of clean hands, and by reason of so coming into this Court, he is precluded from recovery.

COLLINS & KHAN
LLP

DEFENDANT RESEDA, LLC'S ANSWER TO THE COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

11.     Defendant is informed and believes, and alleges thereon, that Plaintiff engaged in inequitable conduct and activities in connection with the subject of this proceeding, and by reason of the same, is estopped from asserting any claims for damages or other relief sought against this answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

12.     The Complaint and each alleged cause of action therein are barred, in whole or in part, by the equitable doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

13.     The Complaint and each alleged cause of action therein are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

14.     The Complaint and each alleged cause of action therein are barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

15.     Each and every cause of action alleged in Plaintiff's Complaint is frivolous, unreasonable and/or groundless, and accordingly, Defendant should recover all costs and attorney's fees incurred herein under applicable federal and state law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Defendant is informed and believes, and based thereon alleges, that Plaintiff's Complaint, or parts therefore, is barred because the accommodations sought by Plaintiff are not required by law.

COLLINS & KHAN
LLP

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

17.    At all relevant times, Defendant acted reasonably and in good faith, based on circumstances known to it at the time, and with reasonable grounds to believe it was not in violation of federal or state law.  Accordingly, Plaintiff is barred, in whole or in part, from recovery in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant is informed and believes, and based thereon alleges, that any and all relevant portions of the Subject Property are reasonably accessible to and usable by individuals with disabilities in accordance with the Americans with Disabilities Act to the maximum extent feasible, and therefore Defendant is in compliance with applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Offset)

19.    Defendant alleges that it has suffered damages by reason of Plaintiff's conduct, and has the right of set-off with respect to any amount of money that might be owed by Plaintiff or due Plaintiff by way of damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Civil Code Sec. 55.56)

20.    Defendant is informed and believes, and based thereon alleges, Plaintiff was not denied full and equal access as she suffered no difficulty, discomfort, or embarrassment because of the violation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Civil Code Sec. 55.56 - Reduced Damages)

21.    Assuming arguendo that the answering Defendant acted or failed to act as alleged in the Complaint, Defendant can demonstrate that it has corrected all alleged violations, and as such the statutory damages are to be reduced.

COLLINS & KHAN
LLP

DEFENDANT RESEDA, LLC'S ANSWER TO THE COMPLAINT

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2       22.     Assuming arguendo that the answering Defendant acted or failed to act as alleged in

3  the Complaint, the Plaintiff seeks accommodations and modifications of the Subject Property that

4  are excused by law because they are not readily achievable, would fundamentally alter the nature of

5  the good and services offered and / or would impose an undue hardship.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Attorneys' Fees)

8       23.     Defendant alleges that Plaintiff is not entitled to attorneys' fees.

9

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

10

### (Reserved Defenses)

11      24.     Defendant is informed and believes, and alleges thereon, that there may be

12  additional defenses available to Defendant which are not now fully known.  Defendant reserves

13  the right to allege and assert such additional defenses, once such defenses are ascertained during

14  discovery, and to amend its Answer accordingly.

15

16       WHEREFORE, Defendant prays for judgment against Plaintiff, whether individually or on

17  behalf of any others, as follows:

18       1.  That Plaintiff takes nothing by this action;

19       2.  That Plaintiff's Complaint, and each cause of action alleged, be dismissed with prejudice,

20  and judgment be entered in favor of Defendant on each cause of action;

21       3.  That Defendant be awarded its costs and attorneys' fees incurred herein; and

22       4.  For such other and further relief as the Court may deem just and proper.

23

24  Dated: December 13, 2018              **COLLINS & KHAN LLP**

25

26                              By:  _____

                                     AZIM KHANMOHAMED
27                                   MARC A. COLLINS
                                     Attorneys for DEFENDANT
28                                   RESEDA, LLC

COLLINS & KHAN
LLP

11

DEFENDANT RESEDA, LLC'S ANSWER TO THE COMPLAINT